**NATIONAL WILDLIFE FEDERATION, et al.,**

v.

**Alan L. LAUBSCHER, et al.**

Civ. A. No. G–86–37.

United States District Court,
S.D. Texas,
Galveston Division.

May 26, 1987.

Jerry Jackson, National Wildlife Federation, Washington, D.C., Robert M. Moore, Galveston, Tex., for plaintiffs.

Lawrence R. Liebesman, Michael Rowe, U.S. Dept. of Justice, Environmental Defense Section, Land and Natural Resources Div., Washington, D.C., Neal King, King, Guerra and Davis, Mission, Tex., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

This case can be succinctly stated in interrogatory form: Do the federal defendants, the EPA and Army Corps of Engineers, have jurisdiction pursuant to the Clean Water Act, 33 U.S.C. 1251 *et seq.*, over a South Texas pond[1] visited by migratory birds? If yes, is the declaratory and injunctive relief sought by plaintiffs, the National Wildlife Federation, the Sierra

Club, the Frontera Audubon Society and Patricia Bacak-Clements, appropriate?

■ The first of the above two questions, which deals with agency jurisdiction, has become a non-issue. Both sides of the docket have concluded that a wetland visited by migratory birds is a wetland within the jurisdiction of the federal defendants. The Court, therefore, DECLARES, as requested by plaintiffs, that Pond 12 is a wetland within the jurisdiction of both the EPA and the Army Corps of Engineers.

■ The Court, having determined that the Corps has jurisdiction over Pond 12, now addresses the issue of whether plaintiffs have standing to seek injunctive relief. As to Pond 12, plaintiffs have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The plaintiffs, however, in seeking injunctive relief from this Court to have the federal defendants assert jurisdiction over *"all"* wetlands that meet the scientific, regulatory definition of wetland, *see supra* n. 1, without regard to their affect on interstate commerce have no such "personal stake" in the outcome of the "controversy" that would distinguish them from any other individual or class of individuals as to the alleged harm that would be suffered. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). In short, the plaintiffs have no standing as to the wide ranging, far-reaching, indeed national type of injunctive relief sought.

Although perhaps more appropriate to address earlier, the Court, in any event, turns to that fundamental and precursory issue of court jurisdiction, as distinguished from the issue of agency jurisdiction previously discussed.[2] The federal defendants

---

**1.** "Pond 12" is a thirty acre wetland located in Willacy County, Texas. The parties, at this point in time, are not in dispute as to whether Pond 12 is a wetland as defined in 40 C.F.R. § 230.3 (1986) and 33 C.F.R. § 323.2 (1986).

**2.** The Court notes, as alluded to before, that the dispute over whether the federal defendants had jurisdiction over Pond 12 may well be moot in view of the subsequent determination by the EPA and Corp that they had and do have juris-

argue that declining to initially take jurisdiction over Pond 12 is a discretionary agency matter not subject to judicial review. *Cf.* Scalia, *Responsibilities of Regulatory Agencies Under Environmental Laws,* 24 HOUS.L.REV. 111 (1987) (discretionary agency enforcement decisions not subject to judicial review). The plaintiffs, on the other hand, argue that the agency inaction was the result of an interpretation or, from plaintiffs' view, a misinterpretation of the Clean Water Act and the Commerce Clause.

It is now apparently well-settled that no judicial review exists for an individual or individuals when a governmental agency makes a decision not to take enforcement action. *See Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). An agency's announcement of an interpretation of a statute, however, is available for judicial scrutiny. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The pleadings by plaintiffs in this case clearly indicate a consistent challenge to an alleged interpretation of the Clean Water Act by the federal defendants. The EPA and Army Corps of Engineers, as evinced by their own regulations, must have been looking to the enabling statute in determining if they had jurisdiction over a wetland as part of the "waters of the United States." *See* 40 C.F.R. §§ 230.2–3 (1986) and 33 C.R.F. §§ 323.1–2 (1986). The Court, therefore, finds the agency action in the present suit capable of judicial review and not a matter of discretionary non-enforcement.

Finally, the Court DENIES plaintiffs' prayer for relief as to the non-federal defendants. Plaintiffs offer no credible authority as to why this Court should order the non-federal defendants to undertake restoration procedures and pay fines when the EPA and Corp have not called forth these enforcement techniques—matters clearly within the federal defendants' discretion.

diction over that area of land referred to as

The plaintiffs have their declaratory judgment as heretofore stated. All other relief is DENIED.